UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES ADAMS,

    Plaintiff,

vs.

CASE NO.: 6:17-CV-1287-ORL-40-KRS

DAYTONA RESORT GROUP, INC., a
Florida For Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAMES ADAMS, by and through the undersigned attorney, sues the Defendant, DAYTONA RESORT GROUP, INC., a Florida Corporation, and alleges:

1. Plaintiff, JAMES ADAMS, was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, JAMES ADAMS was a paid employee who worked at Defendant's property within the last three years in Volusia County, Florida.

3. Plaintiff, JAMES ADAMS, worked for Defendant as a salary paid employee at a rate of $600.00 per week.

4. Plaintiff, JAMES ADAMS, performed maintenance repairs and general labor for Defendant.

5. Plaintiff, JAMES ADAMS, was misclassified as a salary exempt

1

employee.

6. Plaintiff, JAMES ADAMS, is a non-exempt employee entitled to overtime compensation for overtime hours worked.

7. Defendant, DAYTONA RESORT GROUP, INC., is a Florida for profit Corporation that operates and conducts business in Volusia County, Florida and is therefore, within the jurisdiction of this Court.

8. Defendant, DAYTONA RESORT GROUP, INC., operates a hotel located in Daytona Beach, specifically at 219 South Atlantic Avenue, Daytona Beach, Florida 32118.

9. Defendant provides lodging and accommodations to tourists, travelers, and other guests.

10. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

11. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

12. During Plaintiff's employment with Defendant, Defendant, DAYTONA RESORT GROUP, INC., earned more than $500,000.00 per year in gross sales.

13. Defendant, DAYTONA RESORT GROUP, INC., employed approximately fifteen (15) employees and paid these employees plus earned a profit from their business.

14. During Plaintiff's employment, Defendant, DAYTONA RESORT GROUP, INC., employed at least two employees who handled goods, materials and

supplies which travelled in interstate commerce, towels, soaps, linens, and other items used to run the business.

15. Additionally, Defendant, DAYTONA RESORT GROUP, INC., specifically engages in interstate commerce by accommodating guests from out of state.

16. Therefore, at all material times relevant to this action, Defendant, DAYTONA RESORT GROUP, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA Violations

17. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

18. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

19. Based upon these above policies, Defendant has violated the FLSA by failing to pay complete overtime pay.

20. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

21. Plaintiff reincorporates and readopts all allegations contained within

Paragraphs 1-20 above as though stated fully herein.

22. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

23. During his employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

24. Plaintiff was paid his regular rate ($600.00/week) for all hours works regardless of how many overtime hours were worked in the workweek.

25. Plaintiff routinely worked in excess of forty (40) hours per week.

26. Additionally, Defendant misclassified Plaintiff as a salary exempt employee and failed to pay any overtime compensation to Plaintiff.

27. Defendant has failed provide accurate overtime compensation for numerous pay periods.

28. Defendant did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

29. In addition, Defendant failed to post the required informational listings for the Plaintiff and other employees pursuant to the FLSA.

30. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

31. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

32. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JAMES ADAMS demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 12 day of July, 2017

/s/ Matthew R. Gunter
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff