# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES ADAMS,**

        **Plaintiff,**

**v.**                                   **Case No:   6:17-cv-1287-Orl-40KRS**

**DAYTONA RESORT GROUP, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 13)**
>
> **FILED:**     **October 18, 2017**

**I.     BACKGROUND.**

Plaintiff, James Adams, filed a complaint against Defendant, Daytona Resort Group, Inc., alleging that Defendant failed to pay him overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  Doc. No. 1.  The parties represent that they have settled the case, and have filed a motion requesting that the Court approve the settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  Doc. No. 13.  The motion was referred to me and is ripe for review.

**II. APPLICABLE LAW.**

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  679 F.2d at 1353.  Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1]  If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount.  *See id.* at 351–52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

### III. ANALYSIS.

####  A. *Whether Plaintiff Has Compromised His Claim.*

Under the terms of the Settlement Agreement and Release of Claims, Defendant will pay Plaintiff a total of $5,500.00—$3,000.00 in settlement of his FLSA claim and $2,500.00 to Plaintiff's counsel. Doc. No. 13-1, at 2-3 ¶ 3.

Plaintiff had not yet answered the Court's FLSA Interrogatories prior to the filing of this motion. However, the parties represent in the motion that Plaintiff estimated that he was entitled to approximately 188 hours of overtime at a rate of $15.00 per hour, for a total of $2,820.00 in unpaid wages. Doc. No. 13, at 3. In his complaint, Plaintiff alleged that he was also entitled to liquidated damages, which would result in a total of $5,640.00 in total damages. Doc. No. 1, at 4-5. Because Plaintiff will receive less than $5,640.00, I recommend that the Court find he has compromised his claim within the meaning of *Lynn's Food*.

#### B. *Whether the Amount Is Fair and Reasonable*.

Because Plaintiff has compromised his claim, the Court must, under *Lynn's Food*, evaluate whether the settlement agreement is fair and reasonable. The parties have agreed to a payment schedule, under which the total sum of $5,500.00 will be paid to Plaintiff and his counsel over a 5-month period. The parties explain that the payment schedule is necessary due to the fact that Defendant is experiencing economic hardship due to Hurricane Irma.

The parties agree that this action involves disputed issues, including whether a FLSA exemption applied to Plaintiff, the number of overtime hours Plaintiff worked, and whether Plaintiff was entitled to liquidated damages. These factual disputes explain the parties' compromise, and they believe the settlement is reasonable, given the disputed issues and the complexity, expense, and length of future litigation. I therefore recommend that the Court find that the amount of the

compromise is reasonable. *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

> C.  *Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.*

Because Plaintiff has compromised his FLSA claim, the Court must consider whether the payment to his counsel is reasonable, to ensure that the fees and costs to be paid to his counsel did not improperly influence the amount Plaintiff agreed to accept. *See Silva*, 307 F. App'x at 351. In this case, Plaintiff's counsel will receive $2,500.00. Doc. No. 13-1, at 3. Both sides represent that this amount was negotiated separately from Plaintiff's recovery and without regard to the amount to be paid to Plaintiff. Doc. No. 13, at 4. In the absence of objection, I recommend that the Court find that the amount of attorney's fees Plaintiff's counsel will receive is reasonable and does not taint the amount Plaintiff agreed to accept for resolution of his FLSA claim. *See Bonetti*, 715 F. Supp. 2d at 1228 ("[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

> D.  *Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.*

The Court next must consider whether Plaintiff's release of claims in the Settlement Agreement renders the agreement unreasonable. *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). Here, the release states that Plaintiff releases Defendant and related individuals and entities[2] from "any and

---

[2] Specifically, the Released Parties are as follows: "Defendant, its past and present parent entities, subsidiaries and affiliates, related parties, and their respective past and present predecessors, insurers,

all wage claims of any nature whatsoever Plaintiff has arising out of or related to the payment of wages during his employment with Defendant, known or unknown, including, but not limited to, any claims Plaintiff may have under the Fair Labor Standards Act ("FLSA"), the Florida minimum wage statute, and any and all other applicable state, federal, county, or local ordinances, statutes or regulations . . . ."  Doc. 13-1, at 2 ¶ 2.

Some Judges have found general releases to be overbroad if they are not limited only to the claims asserted in the FLSA case.  *See*, *e.g.*, *Colon v. Garda CL Se., Inc.*, No. 6:14-cv-1777-Orl-37KRS, 2015 U.S. Dist. LEXIS 94775, at *3 n.1 (M.D. Fla. July 21, 2015) (finding unreasonable release of wage claims under the Florida Minimum Wage Act and the Florida Constitution when complaint raised only overtime compensation claim under the FLSA).  Other Judges, including the presiding District Judge, have found that releases limited to wage claims generally are reasonable *See Cooper v. Garda CL Se., Inc.*, No. 15-cv-1677-Orl-40KRS, 2015 WL 9244682, at *1 (M.D. Fla. Dec. 18, 2015) (finding reasonable a release of all claims existing prior to the execution of the settlement agreement that relate to the payment of wages and/or overtime for all hours worked, including, but not limited to, claims arising under the FLSA, the Florida Constitution and the Florida Minimum Wage Act).  Accordingly, if the Court finds that the release is appropriately limited to wage claims, then the Court may conclude that the release does not undermine the reasonableness of the settlement.

    E.  *Whether the Ability to Modify the Settlement Agreement Undermines Its Fairness or Reasonableness.*

Finally, I note that paragraph 16 of the Settlement Agreement provides in part, "This Agreement may not be modified, altered, or changed except upon express written consent of all

---

successors, assigns, franchisees, representatives, owners, officers, directors, managers, agents and employees."  Doc. No. 13-1, at 2 ¶ 2.

Parties wherein specific reference is made to this Agreement." Doc. No. 13-1, at 7 ¶ 16. Ordinarily, this might provide grounds to disapprove the settlement agreement, as a court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment. To hold otherwise would leave the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already-approved agreement.

In this case, however, the parties have also included in the settlement agreement a severability clause, which provides, "[s]hould any provision of this Agreement (other than the Release of Claims provision) be determined to be invalid by a court of competent jurisdiction, the Parties agree that this shall not affect the enforceability of the other provisions of the Agreement." *Id.* at 4 ¶ 8. Accordingly, I recommend that the Court sever the language of paragraph 16 permitting amendment from the Settlement Agreement if it otherwise finds that the settlement is fair and reasonable.

### IV.    RECOMMENDATIONS.

In light of the foregoing, if the Court finds that the release does not render the settlement unfair, I respectfully **RECOMMEND** that the Court do the following:

1. **SEVER** the second sentence of paragraph 16 of the Settlement Agreement and Release of Claims;

2. **FIND** that the parties' Settlement Agreement and Release of Claims (Doc. No. 3-1) is a fair and reasonable resolution of a bona fide dispute under the FLSA;

3. **GRANT** in part the Joint Motion for Approval of Settlement (Doc. No. 13) without reserving jurisdiction to enforce it;

4. **DISMISS** the case with prejudice; and

5. **DIRECT** the Clerk of Court to close the file.

Alternatively, if the Court finds that the release or other provisions of the Settlement Agreement make is unfair, I respectfully **RECOMMEND** that the Court **DENY** the motion.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 27, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy